### V. M. FALARDEAU v. W. H. H. SMITH CO.

1. A COPY OF ENTRIES NOT ADMISSIBLE WHEN NOT IDENTIFIED BY PERSONS KEEP-
ING BOTH ORIGINALS AND ENTRIES.

An impression book in which are copied bills of lumber which were drawn
off from a yard book is not competent evidence as a book of original
entries when offered in evidence and identified only by the person keeping
it but who took no part in keeping the yard book.

2. COPY OF INSTRUMENT, ORIGINAL OF WHICH IS IN HANDS OF ADVERSE PARTY
NOT ADMISSIBLE UNLESS NOTICE SERVED TO PRODUCE ORIGINAL.

An impression copy of an instrument sent to the opposite party in a case
is not competent evidence when no notice has been served upon such
party to produce the original, and the fact that such party had turned
such original over to a third person connected with him in the trans-
action does not excuse the failure to serve such notice.

[Syllabus approved by the court.]

ERROR to Lucas common pleas court.

**Ralph Emery** and **Rhodes & Rhodes**, for plaintiff in error:

Cited and commented upon the following authorities: *Kennedy
v. Dodge*, 10. Circ. Dec. 360 (19 R. 425); *Breinig v. Meitzler*, 23 Pa. St.
156; *Swan v. Thurman*, 112 Mich. 416 [70 N. W. Rep. 1023]; *Welsh v.
Barrett*, 15 Mass. 380; *Nicholls v. Webb*, 21 U. S. (8 Wheat.) 326 [5 L.
Ed. 628]; *Livingston v. Tyler*, 14 Conn. 493; *Price v. Earl of Torring-
ton*, 1 Smith L. C. 344; *Jackon v. Evans*, 8 Mich. 476; *Merrill v. Sulli-
van*, 68 Fed. Rep. 509 [15 C. C. A. 553]; *Paine v. Sherwood*, 21 Minn.
225; *Baxter v. Leith*, 28 Ohio St. 84; *Heller v. Beal*, 13-23 O. C. C. 540
(3 N. S. 268); Greenleaf, Evidence Sec. 560; *Scioto Val. Ry. v. Cronin*,
38 Ohio St. 122; *Choteau v. Raitt*, 20 Ohio 132.

**R. S. Holbrook**, for defendant in error.

WILDMAN, J.

The W. H. H. Smith Company sued Falardeau in the court of
common pleas upon an account for lumber said to have been sold and
delivered to him. The case was tried and a verdict rendered in favor
of the plaintiff for $949.24, and to reverse the judgment rendered upon
that verdict the proceeding is instituted here by Falardeau.

It is not necessary to go into the details of the case, except to a
very limited extent for their bearing upon the two questions which

Lucas County.

have addressed themselves to the court as vital. It is claimed by the plaintiff in error that the court erred in the admission of prejudicial evidence against his objection. One item of this evidence was a certain book of original entry as described or claimed by the plaintiff below, but which the defendant insisted was not of the character of original entries, or was not so authenticated as to justify its admission. The court, however, took the view that it was competent and permitted it to be given in evidence to the jury. This book seems to have been made up from the evidence afforded by certain bills which themselves had been copied from so-called yard books. The book offered in evidence is an impression book,—receiving copies by letter press impression—of the so-called bills, which one of the witnesses says were themselves copied from the yard book. As nearly as we can understand the evidence, they were a sort of orders or lists of the lumber required by purchasers placed upon the books perhaps before the lumber was in fact delivered upon the orders, and then as fast as the lumber was delivered, the various items of it were checked off upon the so-called yard books, and it seems that these yard books themselves, so far as the evidence in this record discloses, might be the books of original entry. But whether or not that is so, we have arrived at the conclusion that there is not sufficient evidence to justify the admission of the book which was received, and we think that the court in its admission erred to the prejudice of the plaintiff in error. It does not appear that the person who kept the books had personal knowledge of the deliveries of the various items of lumber which were placed therein with the values of the same. It does not appear that he had knowledge of any part of the transaction, but it does appear that all the information that he had was derived from the entries that had been made in the other books to which I have referred, or the bills which were copied therefrom. These bills as nearly as we can understand them may have contained the values which did not appear perhaps upon the yard books. We are somewhat in the dark as to just what was in the yard books themselves, they not having been offered in evidence and not appearing in the record. It is probable that the yard books show simply the amount of the lumber required, and then after the deliveries were checked off upon the yard books values were computed at the regular or agreed price, and the amounts were so as to put the entries somewhat in the form of an account which thereafter was copied by letter press in the book which comes to us as an exhibit and which was received in evidence. The persons who made the yard books, or the persons checking the de-

Falardeau v. Smith Co.

liveries of the lumber upon the yard books, did not testify so as to authenticate the book which was prepared as the result of the information derived therefrom, and in this connection, without dwelling longer upon it, I will cite a paragraph from 17 Cyc. on page 394, which seems to have some pertinence. It was not one of the authorities, I believe, cited in argument, but in our examination of the question and discussion of it, we find the language, which seems to us to have a legitimate bearing:

"Effect of co-operation in making entry, where one person makes an entry from memoranda or information furnished by another, or two or more persons have otherwise co-operated in making an entry, the entry will be admissible in connection with the testimony of all the parties participating. Indeed it is held that where the clerk who makes the entries has no knowledge of their correctness, but makes them as the items furnished by another, as for instance where entries are made by a bookkeeper from reports made by a foreman, it is essential that in addition to the oath of the party making the entry, the party furnishing the items should testify to their correctness, or that satisfactory proof thereof—such as the transactions are reasonably susceptible of—from other sources should be produced. If the person furnishing the information or memoranda for the entries is dead or cannot be produced, the entries are admissible when supported by the testimony of the person making them, especially if supplemented by proof of the correctness of the memoranda."

We think that the court erred in the admission of this book, and for this error the judgment should be reversed.

We think also that consideration should be given to the ruling of the court, admitting in evidence the impression copy of a statement sent, as alleged by the plaintiff below, to the defendant Falardeau in September of 1907, and other statements. I refer to this one because it seems of especial importance. It is found on page 50 of a book which is a sort of letter book, and contains the impressions of various communications from the plaintiff below to the defendant. No notice had been served, as seems to be conceded, upon the defendant below to produce the original of this or the other statements, and yet the court permitted the book containing the copies to be given in evidence. The defendant in court testified that he had not considered these statements, although they bear his name, Falardeau, at the top, as intended to be charges against him, and that he had handed them over to the party whom he seems to deem the real debtor, the W. H. H.

Lucas County.

Smith Company. He says that the statement at any rate was not in his custody at the time of the trial, and upon this fact it is urged that he not being able to produce the original, the copy became competent evidence. On page 534 of 17 Cyc., *supra,* we find this language:

"It makes no difference that the instrument is in the actual possession of some third person if it is still within the control of the adverse party, but under such circumstances the latter is held to his obligation to produce the writing on notice, and upon his failure to do so secondary evidence is admissible. And the same rule applies where the document is in the custody of another court from which it may be withdrawn, or is out of the jurisdiction. On the other hand, if the document is held by a third person and is not in the adverse party's control, the notice is inoperative, and the party's failure to produce the document will not warrant the admission of secondary evidence, but the party seeking to introduce the evidence must summon the third person or show that with due diligence the document cannot be obtained."

So far as we are apprised there was no effort to bring into court by *subpoena duces tecum* the party who had the actual possession of the originals of the statements copied into this letter book, and we think under this authority and also upon principle and in harmony with the rules which have been applied as to the admission of secondary evidence under some circumstances and its rejection under others, that the court should have rejected this book. The court erred in its admission, and for this error the judgment should be reversed. We find no other prejudicial error in the record.

**Parker** and **Kinkade, JJ.,** concur.